## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PRUDENCIA PORTOCABRERO,

      Petitioner,

v.                              CASE NO:  8:07-CV-1200-T-30TGW
                                    Crim. Case No: 8:05-CR-53-T-30TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) filed on July 9, 2007 and the Government's Response thereto (Dkt. #5).

### Background

Petitioner, PRUDENCIA PORTOCABRERO (hereinafter referred to as "Portocabrero" or "Petitioner"), was arrested on February 6th of 2005, with others in the Eastern Pacific Ocean in a Colombian fishing vessel approximately 150 miles south of Guatemala. Petitioner was charged by indictment with: (1) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the of the United States, in violation of Title 46 Appendix, United States Code, Sections 1903 (a) and (g); Title 18, United States Code, Section 2; and Title 21, United States Code,

Section 960(b)(1)(B)(ii), and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of Title 46 Appendix, United States Code, Sections 1903(a), (g), and (j); and Title 21, United States Code, Section 960(b)(1)(B)(ii). Petitioner pled guilty to both counts.

At sentencing, Petitioner objected to the lack of a downward adjustment for role. Otherwise, Petitioner accepted the accuracy of the Presentence Report. The facts included:

7.      On February 6, 2005, a United States helicopter launched from the deck of the *USS Boone* on patrol in the Eastern Pacific Ocean spotted the Colombian fishing vessel *Don Heri* approximately 150 nautical miles south of Guatemala. Based on intelligence from "Panama Express" agents, officers from the United States Coast Guard Law Enforcement Detachment Team intercepted and boarded the *Don Heri*. Very quickly after the officers boarded the *Don Heri*, Francisco Arroyo-Obando identified himself as the captain of the vessel. Arroyo-Obando is a licensed boat captain, and he is listed as the captain on documentation seized from the *Don Heri*.

8.      In accordance with a bilateral agreement with the Colombian government, law enforcement personnel searched the *Don Heri* and found 43 bales of cocaine weighing 1,170 kilograms (2,580 pounds) concealed in hidden compartments onboard the *Don Heri*.

9.      The boarding officers questioned the crew in Spanish. The ten crew members identified themselves and their individual nationalities. Nelson Arango, Elias Valencias-Portocabrero, Andres Mauricio Diaz-Trivino, Camilo Panameno, Liborio Hurtado-Micolta, James Ortiz-Castro, Prudencia Portocabrero, Ismael Torres-Valentierra, and Jaime Francisco Borja-Martinez are all from Colombia, and Francisco Arroyo-Obando is from Ecuador. [1]

Petitioner was sentenced to 151 months.

---

[1]Presentence Investigation Report for Prudencia Portocabrero, Case #8:05-CR-53-T-30TGW (December 6, 2005).

Petitioner appealed his sentence to the Eleventh Circuit Court of Appeal which affirmed this Court's disposition of the case on May 8, 2006.[2]

## **Discussion**

Petitioner now brings this §2255 motion to set aside his sentence, raising several of the same issues that he asserted on appeal in the Eleventh Circuit. In particular, Petitioner asserts his "counsel failed to properly investigate the ownership of vessel, failed to argue the disparities in sentences to other co defendants, failed to argue that petitioner did not understand English and provided no interpreter, failed to argue any mitigating circumstances." And the Petitioner claims that "the district court failed to take into account the conduct of other participants to the conspiracy, improperly evaluating Petitioner's role in the offense for a downward departure." Finally, Petitioner asserts that: "counsel failed to correct the record where government alleged petitioner made previous drug trips."

As to the claim that Petitioner's attorney failed to investigate the ownership of the vessel, Petitioner does not state how he was prejudiced by this possibility. The ownership of the vessel is not a factor that would have changed Petitioner's sentence. Therefore, Petitioner was not prejudiced.

As to the argument that the Petitioner's attorney "failed to argue disparities in sentences to the other co defendants" and that "the district court failed to take into account the conduct of other participants to the conspiracy, improperly evaluating Petitioners role in

---

[2] <u>United States v. Portocabrero</u>, 184 Fed. Appx. 885, 2006 WL 1674321 (C.A.11(Fla.)).

the offense for a downward departure", the Eleventh Circuit Court of Appeals addressed these issues. The Court of Appeals held that defendant [Petitioner] was not entitled to a minor participant role reduction and that a 151 month sentence was not unreasonable.[3] These renewed arguments are insufficient to support a §2255 petition.

The claim that Petitioner did not understand English and was provided no interpreter is directly contradicted by the record.[4] An interpreter was used during Petitioner's plea hearing and at sentencing.[5] Petitioner confirmed that he understood the sentencing process and that a judge would determine his sentence.[6] The Court notes that Petitioner's counsel also spoke Spanish fluently.[7]

To vacate a sentence for ineffective assistance of counsel, counsel's performance must be below an objective standard of reasonable professional assistance and the defendant must be prejudiced by the deficient performance.[8]  The burden is on the Petitioner to prove both

---

[3] United States v. Portocabrero, 184 Fed. Appx. 885, 2006 WL 1674321 (C.A.11(Fla.)).

[4] United States v. Prudencia Portocabrero, Transcript of Plea Proceedings, Dkt. #332, Case No: 8:05-Cr-53-T-30TGW (August 23, 2005).

[5] United States v. Prudencia Portocabrero, Transcript of Plea Proceedings, Dkt. #332, Case No: 8:05-Cr-53-T-30TGW (August 23, 2005), and  United States v. Prudencia Portocabrero, Transcript of Sentencing Hearing, Dkt. #344, Case No: 8:05-Cr-53-T-30TGW (December 16, 2005).

[6] United States v. Prudencia Portocabrero, Transcript of Plea Proceedings, Dkt. #332, Case No: 8:05-Cr-53-T-30TGW (August 23, 2005).

[7] United States v. Prudencia Portocabrero, Transcript of Plea Proceedings, Dkt. #332, Case No: 8:05-Cr-53-T-30TGW (August 23, 2005).

[8] Strickland v. Washington, 466 U.S. 668, 688 (1984).

that counsel's performance was unreasonable and that he was prejudiced.[9] The Petitioner has failed to meet this burden.

Finally, Petitioner asserts that counsel failed to correct the record where the Government alleged Petitioner made previous drug trips.[10] The issue of whether to grant a minor role is within the broad discretion of the sentencing court. A large quantity of drugs, by itself, is sufficient to deny a minor role.[11] Petitioner was apprehended with over 1,000 kilograms of cocaine. While Petitioner asserts that his counsel failed to "correct the record," he does not point to any evidence that could have "corrected the record."[12] Counsel made argument to the court that the Government's proffer was just that – a proffer unsupported by any evidence. His counsel did argue that the Petitioner was simply a mariner on the vessel.

Petitioner's counsel was not deficient.

## Conclusion

It is therefore **ORDERED AND ADJUDGED** that:

1.      The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) is **DENIED.**

---

[9]Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000).

[10] United States v. Prudencia Portocabrero, Transcript of Sentencing Hearing, Dkt. #344, Case No: 8:05-Cr-53-T-30TGW (December 16, 2005).

[11]United States v. DeVaron, 175 F.3d 930, 937 (11th Cir. 1999).

[12]Prudencia Portocabrero, Motion under 28 U.S.C. §2255 to set aside, or correct sentence by a person in federal custody, Dkts. #1-2, Case No: 8:07-cv-1200-T-30TGW, filed 7/9/2007.  The Court notes that Petitioner has not claimed that he did not participate in previous trips or recruit other members to join the conspiracy.

2.    The Clerk shall enter judgment for Respondent, United States of America, terminate all pending motions, and close this case.

3.    The Clerk is direct to terminate the pending (Dkt. #391) Motion to Vacate, Set Aside or Correct Sentence in the underlying criminal case number 8:05-CR-53-T-30TGW.

**DONE** and **ORDERED** in Tampa, Florida on October 23, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2007\07-cv-1200.deny 2255.wpd